Patric A. Lester (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #385
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
501 West Broadway, Ste. 800
San Diego, CA 92101
Phone: 619-400-4900
Fax:  619-923-3661

Attorneys for Plaintiff Laramie Griffith

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARAMIE GRIFFITH,<br><br>              Plaintiff,<br><br>     vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br>MARK D. WALSH individually and in his official capacity<br><br>              Defendants. | Case No. **'12CV1245 H    BGS**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Laramie Griffith, (hereinafter Plaintiff) for Legal Recovery Law Offices, Inc. and Mark D. Walsh, individually and in his official capacity  (hereinafter "Defendants") violations of the Fair Debt Collection practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendants' violations of the FDCPA and Rosenthal Act.

5. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. §1692(k)(d), and 47 U.S.C. §277 et seq. and 28 U.S.C.§1367 for supplemental state claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff is a natural person residing in Butte County, California.

8. Plaintiff is a consumer within the meaning of § 1692a(3) in that he is a natural person purportedly obligated to pay a credit card debt, allegedly owed to Capitol One Bank USA, (hereinafter "Debt")

9. Plaintiff is a "debtor" as that term is defined by §1788.2(h).

10. At all times relevant herein, Defendants Legal Recovery Law Offices, Inc., was a company engaged, by use of the mails and telephone in the business of collecting debts, as defined by §1692a(5), and consumer debts as defined by § 1788.2(f). Defendants Legal Recovery Law Offices, Inc., regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of §1692a(6) and §1788.2(c).

11. At all times relevant herein, Defendant Mark D. Walsh was a natural person and an employee, agent, officer, member and/or director of Legal Recovery Law Offices, Inc., was a third-party debt collector that was engaged, by use of the mails and telephone in the business of collecting debts, as defined by §1692a(5), and consumer debts as defined by § 1788.2(f). Mark D. Walsh regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of § 1692a(6) and §1788.2(c).

12. Mark Walsh is liable for the acts of Legal Recovery Law Offices, Inc., because he sets and approves the collection policies, practices and he directed the unlawful activities described herein.

13. As Defendants do business in the state of California, is located in San Diego County,

and has committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

## FACTUAL ALLEGATIONS

14. At all times herein, Defendants, was attempting to collect, from Plaintiff, a debt as defined by §1692a (5) of the FDCPA and a consumer debt as defined by § 1788.2(f) of the Rosenthal Act.

15. Prior to May 2, 2011, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

16. Prior to June 2, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendants for collection.

17. Beginning on or about June 22, 2011, and on multiple occasions since that time, Defendants placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

18. These phone calls were debt collections as defined in §1788.2(b).

19. Defendants called Plaintiff's employer and spoke to his supervisor. The male caller did not identify himself but volunteered that he was calling for information as "Legal Recovery" thereby indicating he was in the business of debt collection. The caller was not asked to identify his employer. The caller did not ask to verify location information. This communication was in violation of §1692b and §1788.12(a).

20. All the above phone calls were communications within the meaning of §1692a(2).

21. Defendants threatened to file suit unless a payment was made. Plaintiff mailed Defendants a check for $250.00 drawn on his checking account at Sierra Central. This check cleared on or about July 5, 2011.

22. Defendants claimed the amount due was $3,600. Plaintiff received a statement from Capitol One that same day showing that figure was significantly less. By misrepresenting the amount of the debt Defendants violated §1692e(2)A.

23. Defendants claimed that this amount would "jump up to as much as $8,000 including legal fees if the balance is not paid ASAP". This was a false statement as there is no conceivable legal

1  set of circumstances that would cause this to occur. This violated §1692e(2)(A) and §1692e(10).

2      24.    Approximately one month after this, on or about August 1, 2011 Plaintiff noticed that
3  there had been an automatic withdrawal from his checking account for $250.00 by Defendants. Plaintiff
4  did not authorize this withdrawal.

5      25.    This withdrawal was the use of a deceptive means to collect a debt in violation of
6  §1692e(10).

7      26.    Defendants threatened to continue to take money out of Plaintiff's checking account for
8  the next three months. This violated §1788.10(e) *and* §1692d and §1692f(1).

9      27.    This unauthorized withdrawal is also in violation of National Automated Clearinghouse
10 Association Rules (NACHA) §3.12.1 at OR41 and §2.5.15.2 at OR19. By violating these rules as well
11 as by making an unauthorized withdrawal, Defendants also violated §1692f(1) by collecting an amount
12 that was not expressly authorized by agreement or permitted by law.

13     28.    By engaging in this conduct the natural consequence being harassment and oppression
14 of the Plaintiff in connection with the collection of a debt, Defendants violated §1692d and
15 §1788.11(e). The telephone calls and misrepresentations therein and unauthorized withdrawals from
16 Plaintiffs household checking account, by Defendants, harmed Plaintiff in numerous ways including
17 but not limited to the following: anxiety and stress resulting in overall diminished abilities to carry on
18 his activities of daily living.

19     29.    Because these actions violated the FDCPA sections cited herein, Defendants
20 also violated §1788.17 of the Rosenthal Act as it incorporates those sections.

21 <center>**FIRST CLAIM FOR RELIEF**</center>
22 <center>**(Violations of the FDCPA)**</center>

23     31.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in
24 the paragraphs above.

25     32.    The foregoing acts and omissions constitute numerous and multiple violations of the
26 FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA,
27 15 U.S.C. § 1692 et seq.

28     33.    As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELEIF

**(Claim for violations of the Rosenthal Act against Legal Recoveries Law Offices only)**

30. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

31. Plaintiff is entitled to statutory damages of $1000.00 as Defendants acts and omissions violated the Rosenthal Act including, but not limited to §1788.17. Defendant's violations of § 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

32. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendants violations, as enumerated above, of §1788.10(e) and §1788.12(a).

33. Pursuant to §1788.32, the remedies provided under §§1788.30(b) and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

34. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to § 1788.30(b) of the Rosenthal Act.

35. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

36. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and for Plaintiff requests this Court:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendants violated the FDCPA;

1       (3)      Declare that the Defendants violated the Rosenthal Act;

2       (4)      Award actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) of the FDCPA and § 1788.30(a) of the Rosenthal Act;

(5)      Award statutory damages of an amount not exceeding $1,000.00 pursuant to § 1692k(a)(2)(A) of the FDCPA;

(6)      Award statutory damages of an amount not exceeding $1,000.00 pursuant to §1788.30(b) of the Rosenthal Act for violation of § 1788.17 of the Rosenthal Act[3];

(7)      Award of statutory damages of $1000.00 pursuant to § 1788.30(b) of the Rosenthal Act for separate violations of §1788.10(e) and §1788.12(a).

(8)      Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k (a) (3) of the FDCPA and § 1788.30(c) of the Rosenthal Act;

(9)      Such other and further relief this court may deem just and proper.

Dated May 22, 2012

                                      *s/ Patric A. Lester*
                                      Patric A. Lester
                                      Attorney for Plaintiff,
                                      Laramie Griffith

---

[3] § 1692k(a)(2)(A) of the FDCPA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laramie Griffith

## DEFENDANTS
Legal Recovery Law Offices and Mark D. Walsh

**(b)** County of Residence of First Listed Plaintiff: Butte
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patric A. Lester, Lester & Associates, 5694 Mission Center Rd. #358, San Diego, Ca., 92108   (619)-665-3888

Attorneys (If Known): '12CV1245 H   BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC §1692 et. seq.

Brief description of cause:
Fair Debt Collection Practices Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: May 22, 2012

SIGNATURE OF ATTORNEY OF RECORD: /s/ Patric A. Lester

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:       U.S. Civil Statute: 47 USC 553
                                                                                                Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.